IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SAMANTHA DAYWOOD, | * |
| | * |
| Plaintiff, | * |
| | * |
| | *   CIVIL ACTION |
| vs. | *   FILE NO.: 1:22-cv-1185 |
| | * |
| LAND AIR EXPRESS, INC., JIMMY | * |
| CHAPPELL, K L BREEDEN & SONS, LLC, | * |
| d/b/a KLB SONS, and KENNETH | *   JURY TRIAL DEMANDED |
| MALDONADO LOPEZ, | * |
| | * |
| Defendants. | |

**COMPLAINT**

NOW COMES the Plaintiff, SAMANTHA DAYWOOD, by and through her attorneys, and for her causes of action against Defendants, pleads and alleges as follows:

**NATURE OF ACTION**

1. That this is an action for personal injury damages arising out of a collision involving two tractor-trailers and Plaintiff's vehicle that occurred on December 23, 2020, in Cheyenne County, Colorado.

2. That as a result of this collision, SAMANTHA DAYWOOD suffered severe and personal injuries.

**PARTIES, JURISDICTION, AND VENUE**

3. That at the time of the occurrence and crash described herein, Plaintiff, SAMANTHA DAYWOOD, was and is a resident of the State of Texas. Plaintiff was as passenger in one of the vehicles involved in the subject collision that occurred in Colorado.

4. That at the time of the occurrence and crash described herein, Defendant, LAND

AIR EXPRESS, INC. ("Defendant LAND AIR EXPRESS"), was and is a foreign company organized under the laws of the State of Kentucky with its principal place of business located at 6377 Cemetery Road, Bowling Green, KY.  Therefore, Defendant LAND AIR EXPRESS is a citizen of Kentucky.  Defendant LAND AIR EXPRESS may be served with legal process by serving its registered agent for service: SHERYL SINCLAIR, 6073 W 44TH AVE., STE: 101 WHEAT RIDGE, CO, 80033.

5. That at the time of the occurrence and crash described herein, Defendant, JIMMY CHAPPELL ("Defendant CHAPPELL"), was the driver of one of the tractor-trailers involved in the subject collision that occurred in Colorado.  His current address is 340 16TH ST SW, PARIS TX 75460-5516. Defendant CHAPPELL may be served with legal process at his address. Once served, Defendant CHAPPELL is subject to the jurisdiction and venue of this Court.

6. That at the time of the occurrence and crash described herein, Defendant, K L BREEDEN & SONS, LLC d/b/a KLB SONS ("Defendant KLB SONS"), was and is a foreign company organized under the laws of the State of Texas with its principal place of business located at 104 West High Street, Terrell, TX.  Therefore, Defendant KLB SONS is a citizen of Texas.  Defendant KLB SONS may be served with legal process by serving its registered agent for service: PENNI ROYSTON, 9200 W CROSS DR #200, LITTLETON CO, 80123.

7. That at the time of the occurrence and crash described herein, Defendant, KENNETH MALDONADO LOPEZ ("Defendant LOPEZ"), was the driver of one of the tractor-trailers involved in the subject collision that occurred in Colorado.  His current address is 2723 WATERWAY DR, GRAND PRAIRIE, TX 75054-7252. Defendant LOPEZ may be served with legal process at his address. Once served, Defendant LOPEZ is subject to the jurisdiction and venue of this Court.

8. That at all times material hereto, Defendant LAND AIR EXPRESS was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Colorado.

9. That at all times material to this action, Defendant LAND AIR EXPRESS was a for hire motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit and transport goods in interstate commerce.

10. That at all times material hereto, Defendant LAND AIR EXPRESS was and is a motor carrier authorized to operate in the State of Colorado for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

11. That at all times material hereto, Defendant KLB SONS was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Colorado.

12. That at all times material to this action, Defendant KLB SONS was a for hire motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit and transport goods in interstate commerce.

13. That at all times material hereto, Defendant KLB SONS was and is a motor carrier authorized to operate in the State of Colorado for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

14. That at the time of the occurrence and crash described herein, all events occurred

and transpired within Cheyenne County, State of Colorado.

15. That this Court has subject matter jurisdiction over the claims asserted in this Complaint.

16. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

17. Defendants are subject to the jurisdiction and venue of this Court pursuant to 28 U.S.C § 1332, 28 USC § 1391(b) and other applicable law.

## FACTS COMMON TO ALL COUNTS

18. That at the time of the occurrence and/or crash described herein, Plaintiff SAMANTHA DAYWOOD, riding as a passenger in a pickup truck, was traveling on eastbound Highway 40 in Cheyenne County on December 23, 2020, at approximately 8:55 a.m.

19. That at the time of the occurrence and/or crash described herein, Defendant CHAPPELL, driving a 2007 Freightliner truck and hauling a trailer, was driving westbound on Highway 40 in the opposite lane of travel.

20. That at the time of the occurrence and/or crash described herein, Defendant CHAPPELL was operating a Truck owned by Defendant LAND AIR EXPRESS.

21. That at the time of the occurrence and/or crash described herein, the Truck being operated by Defendant CHAPPELL was a commercial motor vehicle as defined under the Federal Motor Carrier Safety Regulations.

22. That at the time of the occurrence and/or crash described herein, Defendant CHAPPELL lost control and came into the eastbound lane of traffic on Highway 40.

23. That at the time of the occurrence and/or crash described herein, a dust storm created hazardous conditions on the highway that adversely affected visibility.

24. That at the aforesaid time and place, Plaintiff SAMANTHA DAYWOOD was

traveling eastbound on Highway 40 as Defendant CHAPPELL's tractor-trailer came at her vehicle head-on and collided with the vehicle in which she was traveling.

25. That at the time of the occurrence and/or crash described herein, Defendant LOPEZ, driving a 2007 Freightliner truck and hauling a trailer, was driving eastbound on Highway 40 behind Plaintiff's vehicle.

26. That at the aforesaid time and place, Defendant LOPEZ was operating a Truck owned by Defendant KLB SONS.

27. That at the time of the occurrence and/or crash described herein, the Truck being operated by Defendant LOPEZ was a commercial motor vehicle as defined under the Federal Motor Carrier Safety Regulations.

28. That at the time of the occurrence and/or crash described herein, Defendant LOPEZ was travelling eastbound on Highway 40 behind the vehicle in which Plaintiff SAMANTHA DAYWOOD was a passenger.

29. That at the time of the occurrence and/or crash described herein, Defendant LOPEZ lost control of his truck and rear-ended the vehicle Plaintiff SAMANTHA DAYWOOD was sitting in.

30. That before the collision occurred, Defendant CHAPPELL was driving too fast for conditions.

31. That at the aforesaid time and place, Defendant CHAPPELL and lost control of the tractor-trailer he was operating.

32. That in the moments before the collision, Defendant CHAPPELL was not operating the tractor-trailer in a reasonable and prudent manner.

33. That Defendant CHAPPELL is responsible for causing the subject collision.

34. That before the collision occurred, Defendant LOPEZ was driving too fast for conditions.

35. That at the aforesaid time and place, Defendant LOPEZ and lost control of the tractor-trailer he was operating.

36. That in the moments before the collision, Defendant LOPEZ was not operating the tractor-trailer in a reasonable and prudent manner.

37. That Defendant LOPEZ is responsible for causing the subject collision.

38. That Plaintiff SAMANTHA DAYWOOD did not cause or contribute to the subject collision.

## COUNTS I & II

### (Negligence and Negligence *Per Se* – Defendant CHAPPELL)

39. That at all times material hereto, Defendant CHAPPELL was a professional driver.

40. That at all times material hereto, Defendant CHAPPELL had a commercial driver's license.

41. That at all times material hereto, Defendant CHAPPELL was driving a commercial motor vehicle as defined under Colorado law.

42. That at all times material hereto, Defendant CHAPPELL was driving a commercial motor vehicle in interstate commerce.

43. That at all times material to this action, Defendant CHAPPELL had a legal duty to adhere to all Colorado traffic laws.

44. That at all times material to this action, Defendant CHAPPELL had a legal duty to adhere to Colorado trucking safety regulations.

45. That at all times material to this action, Defendant CHAPPELL had a legal duty

to adhere to the Federal Motor Carrier Safety Regulations.

46. That at all times material to this action, Defendant CHAPPELL had a legal duty to adhere to trucking industry standards.

47. That at all times material to this action, Defendant CHAPPELL had a duty to operate his commercial vehicle in a safe and prudent manner.

48. That at all times material to this action, Defendant CHAPPELL had a duty to act in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of Plaintiff and the motoring public.  This duty included keeping a proper lookout, paying attention, and not following too closely.

49. That Defendant CHAPPELL in the operation of the tractor-trailer did the following among other things:

    (a) Failed to keep a proper lookout ahead;

    (b) Failed to maintain his lane;

    (c) Failed to drive at a safe and reasonable speed under the conditions;

    (d) Lost control of the tractor-trailer he was operating;

    (e) Caused contact to occur between his tractor-trailer and Plaintiff SAMANTHA DAYWOOD's vehicle;

    (f) Failed to drive defensively;

    (g) Failed to operate the tractor-trailer in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff SAMANTHA DAYWOOD in particular, in danger;

    (h) Failed to adhere to safe driving principles expected of professional drivers;

    (i) Failed to operate the tractor-trailer in accordance with generally accepted safety

        principles for professional drivers and/or the commercial motor vehicle industry;

    (j)    Failed to operate the tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision; and

    (k)    Otherwise failed to act reasonably and prudently as a professional driver should under the circumstances.

50.    That Defendant CHAPPELL breached his duties and was negligent in at least one or more of the respects described above.

51.    That additionally, Defendant CHAPPELL's conduct violated Colorado law.

52.    That Defendant CHAPPELL was negligent and/or negligent per se in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

53.    That as a direct and proximate cause and/or result of one or more of the aforesaid acts of negligence and/or omissions of Defendant CHAPPELL, Plaintiff SAMANTHA DAYWOOD sustained serious, severe, and permanent personal injuries.

54.    That the Plaintiff has in the past and will in the future become obligated to pay for medical expenses for the treatment and care of her injuries as result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer substantial pain and discomfort as a result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer loss of enjoyment of life as a result of this occurrence and crash; that the Plaintiff has in the past suffered lost wages and out-of-pocket expenses as a result of this occurrence; and that the Plaintiff has in the past and will in the future suffer emotional distress.

## COUNT III

**(Negligence – *Respondent Superior* – Defendant LAND AIR EXPRESS)**

55. That at the time of the occurrence and crash described herein, Defendant CHAPPELL, was employed by, agent thereof, and an employee of Defendant LAND AIR EXPRESS.

56. That at the time of the occurrence and crash described herein, all foregoing described acts of negligence and/or omissions of Defendant CHAPPELL, were committed while on-duty and within the scope of authority and employment as an agent of Defendant LAND AIR EXPRESS also known as the principal or employer.

57. That at the time of the occurrence and crash described herein, Defendant CHAPPELL was operating a commercial vehicle exclusively controlled by Defendant LAND AIR EXPRESS.

58. That at the time of the occurrence and crash described herein, Defendant CHAPPELL was operating a commercial vehicle under the motor carrier authority of Defendant LAND AIR EXPRESS.

59. That at the time of the occurrence and crash described herein, Defendant CHAPPELL was operating a commercial vehicle in furtherance of the business and financial interests of Defendant LAND AIR EXPRESS.

60. That Defendant LAND AIR EXPRESS is responsible for all of the acts of negligence and/or omissions committed by its said agent or employee, Defendant CHAPPELL, that had been performed or made within the scope of authority and employment. That as a direct and proximate cause and/or result of one or more of the aforesaid acts of negligence and/or omissions of Defendant CHAPPELL, the Plaintiff, SAMANTHA DAYWOOD, sustained serious, severe, and permanent personal injuries. That the Plaintiff has in the past and will in the future become obligated to pay for medical expenses for the treatment and care of her injuries as

result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer substantial pain and discomfort as a result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer loss of enjoyment of life as a result of this occurrence and crash; that the Plaintiff has in the past suffered lost wages and out-of-pocket expenses as a result of this occurrence; and that the Plaintiff has in the past and will in the future suffer emotional distress.

## COUNT IV

**(Negligent Hiring, Entrustment and Retention – Defendant LAND AIR EXPRESS)**

61. That at the time of the occurrence and crash described herein, Defendant CHAPPELL, was employed by, agent thereof, and an employee of Defendant LAND AIR EXPRESS.

62. That at the time of the occurrence and crash described herein, all foregoing described acts of negligence and/or omissions of Defendant CHAPPELL, were committed while on-duty and within the scope of authority and employment as an agent of Defendant LAND AIR EXPRESS also known as the principal or employer.

63. That Defendant LAND AIR EXPRESS supplied and arranged for use of equipment to Defendant CHAPPELL.

64. That Defendant LAND AIR EXPRESS is responsible for all of the acts of negligence and/or omissions committed by its said agent or employee, Defendant CHAPPELL, that had been performed or made within the scope of authority and employment.

65. That at the time of the occurrence and crash described herein, Defendant LAND AIR EXPRESS had supplied the said Semi-Truck and attached trailer as well as use of all other vehicle equipment to Defendant CHAPPELL.

66. That at all relevant times as mentioned herein, Defendant LAND AIR EXPRESS had the duty to investigate and review the driving record, criminal history, and background of Defendant CHAPPELL, regarding whether or not Defendant CHAPPELL was a safe, fit, and competent driver.

67. That Defendant LAND AIR EXPRESS knew or should have known that Defendant CHAPPELL, had a particular unfitness for the specific position of operating and driving the Semi-Truck with an attached trailer along and upon interstate highways so as to create a danger of harm to Plaintiff SAMANTHA DAYWOOD.

68. That Defendant LAND AIR EXPRESS knew or should have known of Defendant CHAPPELL's particular unfitness and driving record at the time of hiring and/or retention of Defendant CHAPPELL.

69. That Defendant LAND AIR EXPRESS breached its duty of care by failing to properly and sufficiently investigate and review the driving record, criminal history, and background of Defendant CHAPPELL, while it employed and/or continued to retain Defendant CHAPPELL as a driver operating the Semi-Truck with an attached trailer along and upon interstate highways.

70. That the acts of negligence of Defendant LAND AIR EXPRESS by hiring and continued retention of Defendant CHAPPELL, directly and proximately caused harm and injuries to Plaintiff SAMANTHA DAYWOOD.

71. That Plaintiff SAMANTHA DAYWOOD was a member of a foreseeable class of persons who would be at risk of suffering physical harm as a result of Defendant CHAPPELL's operation of a semi-truck tractor and trailer.

72. That Defendant LAND AIR EXPRESS, by entrusting equipment to Defendant

CHAPPELL, directly and proximately caused injuries to Plaintiff SAMANTHA DAYWOOD.

73. That as a direct and proximate cause and/or result of one or more of the Defendants – Defendant CHAPPELL's aforesaid acts of negligence and/or omissions, including a particular unfitness to operate the Semi-Truck with an attached trailer, the Plaintiff, SAMANTHA DAYWOOD, sustained serious, severe, and permanent personal injuries. That the Plaintiff has in the past and will in the future become obligated to pay for medical expenses for the treatment and care of her injuries as result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer substantial pain and discomfort as a result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer loss of enjoyment of life as a result of this occurrence and crash; that the Plaintiff has in the past suffered lost wages and out-of-pocket expenses as a result of this occurrence; and that the Plaintiff has in the past and will in the future suffer emotional distress.

## COUNTS V & VI
### (Negligence and Negligence *Per Se* – Defendant LOPEZ)

74. That at all times material hereto, Defendant LOPEZ was a professional driver.

75. That at all times material hereto, Defendant LOPEZ had a commercial driver's license.

76. That at all times material hereto, Defendant LOPEZ was driving a commercial motor vehicle as defined under Colorado law.

77. That at all times material hereto, Defendant LOPEZ was driving a commercial motor vehicle in interstate commerce.

78. That at all times material to this action, Defendant LOPEZ had a legal duty to adhere to all Colorado traffic laws.

79. That at all times material to this action, Defendant LOPEZ had a legal duty to adhere to Colorado trucking safety regulations.

80. That at all times material to this action, Defendant LOPEZ had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

81. That at all times material to this action, Defendant LOPEZ had a legal duty to adhere to trucking industry standards.

82. That at all times material to this action, Defendant LOPEZ had a duty to operate his commercial vehicle in a safe and prudent manner.

83. That at all times material to this action, Defendant LOPEZ had a duty to act in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of Plaintiff and the motoring public.  This duty included keeping a proper lookout, paying attention, and not following too closely.

84. That Defendant LOPEZ in the operation of the tractor-trailer did the following among other things:

    (a) Failed to keep a proper lookout ahead;

    (b) Failed to maintain a proper distance between his vehicles and vehicles ahead of him;

    (c) Failed to drive at a safe and reasonable speed under the conditions;

    (d) Lost control of the tractor-trailer he was operating;

    (e) Caused contact to occur between his tractor-trailer and Plaintiff SAMANTHA DAYWOOD's vehicle;

    (f) Failed to drive defensively;

    (g) Failed to operate the tractor-trailer in a safe and prudent manner, thereby

placing the lives and well-being of the public in general, and Plaintiff SAMANTHA DAYWOOD in particular, in danger;

(h) Failed to adhere to safe driving principles expected of professional drivers;

(i) Failed to operate the tractor-trailer in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

(j) Failed to operate the tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision; and

(k) Otherwise failed to act reasonably and prudently as a professional driver should under the circumstances.

85. That Defendant LOPEZ breached his duties and was negligent in at least one or more of the respects described above.

86. That additionally, Defendant LOPEZ's conduct violated Colorado law.

87. That Defendant LOPEZ was negligent and/or negligent per se in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

88. That as a direct and proximate cause and/or result of one or more of the aforesaid acts of negligence and/or omissions of Defendant LOPEZ, Plaintiff SAMANTHA DAYWOOD sustained serious, severe, and permanent personal injuries.

89. That the Plaintiff has in the past and will in the future become obligated to pay for medical expenses for the treatment and care of her injuries as result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer substantial pain and discomfort as a result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer loss of enjoyment of life as a result of this occurrence and crash; that the Plaintiff has in the past

suffered lost wages and out-of-pocket expenses as a result of this occurrence; and that the Plaintiff has in the past and will in the future suffer emotional distress.

## COUNT VII

### (Negligence – *Respondent Superior* – Defendant KLB SONS)

90. That at the time of the occurrence and crash described herein, Defendant LOPEZ, was employed by, agent thereof, and an employee of Defendant KLB SONS.

91. That at the time of the occurrence and crash described herein, all foregoing described acts of negligence and/or omissions of Defendant LOPEZ, were committed while on-duty and within the scope of authority and employment as an agent of Defendant KLB SONS also known as the principal or employer.

92. That at the time of the occurrence and crash described herein, Defendant LOPEZ was operating a commercial vehicle exclusively controlled by Defendant KLB SONS.

93. That at the time of the occurrence and crash described herein, Defendant LOPEZ was operating a commercial vehicle under the motor carrier authority of Defendant KLB SONS.

94. That at the time of the occurrence and crash described herein, Defendant LOPEZ was operating a commercial vehicle in furtherance of the business and financial interests of Defendant KLB SONS.

95. That Defendant KLB SONS is responsible for all of the acts of negligence and/or omissions committed by its said agent or employee, Defendant LOPEZ, that had been performed or made within the scope of authority and employment. That as a direct and proximate cause and/or result of one or more of the aforesaid acts of negligence and/or omissions of Defendant LOPEZ, the Plaintiff, SAMANTHA DAYWOOD, sustained serious, severe, and permanent personal injuries. That the Plaintiff has in the past and will in the future become obligated to pay

for medical expenses for the treatment and care of her injuries as result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer substantial pain and discomfort as a result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer loss of enjoyment of life as a result of this occurrence and crash; that the Plaintiff has in the past suffered lost wages and out-of-pocket expenses as a result of this occurrence; and that the Plaintiff has in the past and will in the future suffer emotional distress.

## COUNT VIII

### (Negligent Hiring, Entrustment and Retention – Defendant KLB SONS)

96. That at the time of the occurrence and crash described herein, Defendant LOPEZ, was employed by, agent thereof, and an employee of Defendant KLB SONS.

97. That at the time of the occurrence and crash described herein, all foregoing described acts of negligence and/or omissions of Defendant LOPEZ, were committed while on-duty and within the scope of authority and employment as an agent of Defendant KLB SONS also known as the principal or employer.

98. That Defendant KLB SONS supplied and arranged for use of equipment to Defendant LOPEZ.

99. That Defendant KLB SONS is responsible for all of the acts of negligence and/or omissions committed by its said agent or employee, Defendant LOPEZ, that had been performed or made within the scope of authority and employment.

100. That at the time of the occurrence and crash described herein, Defendant KLB SONS had supplied the said Semi-Truck and attached trailer as well as use of all other vehicle equipment to Defendant LOPEZ.

101. That at all relevant times as mentioned herein, Defendant KLB SONS had the

duty to investigate and review the driving record, criminal history, and background of Defendant LOPEZ, regarding whether or not Defendant LOPEZ was a safe, fit, and competent driver.

102. That Defendant KLB SONS knew or should have known that Defendant LOPEZ, had a particular unfitness for the specific position of operating and driving the Semi-Truck with an attached trailer along and upon interstate highways so as to create a danger of harm to Plaintiff SAMANTHA DAYWOOD.

103. That Defendant KLB SONS knew or should have known of Defendant LOPEZ's particular unfitness and driving record at the time of hiring and/or retention of Defendant LOPEZ.

104. That Defendant KLB SONS breached its duty of care by failing to properly and sufficiently investigate and review the driving record, criminal history, and background of Defendant LOPEZ, while it employed and/or continued to retain Defendant LOPEZ as a driver operating the Semi-Truck with an attached trailer along and upon interstate highways.

105. That the acts of negligence of Defendant KLB SONS by hiring and continued retention of Defendant LOPEZ, directly and proximately caused harm and injuries to Plaintiff SAMANTHA DAYWOOD.

106. That Plaintiff SAMANTHA DAYWOOD was a member of a foreseeable class of persons who would be at risk of suffering physical harm as a result of Defendant LOPEZ's operation of a semi-truck tractor and trailer.

107. That Defendant KLB SONS, by entrusting equipment to Defendant LOPEZ, directly and proximately caused injuries to Plaintiff SAMANTHA DAYWOOD.

108. That as a direct and proximate cause and/or result of one or more of the Defendants – Defendant LOPEZ's aforesaid acts of negligence and/or omissions, including a

particular unfitness to operate the Semi-Truck with an attached trailer, the Plaintiff, SAMANTHA DAYWOOD, sustained serious, severe, and permanent personal injuries. That the Plaintiff has in the past and will in the future become obligated to pay for medical expenses for the treatment and care of her injuries as result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer substantial pain and discomfort as a result of this occurrence and crash; that the Plaintiff has in the past and will in the future suffer loss of enjoyment of life as a result of this occurrence and crash; that the Plaintiff has in the past suffered lost wages and out-of-pocket expenses as a result of this occurrence; and that the Plaintiff has in the past and will in the future suffer emotional distress.

## **DAMAGES**

109. Colorado law applies to this action and controls the damages and losses sustained in the collision described above.

110. Each of the Defendants acted in a manner which either alone, or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the incident described above and resulting serious injuries to Plaintiff.

111. As a direct and proximate result of the above-described negligence of Defendants, Plaintiff injuries include, but are not limited to: loss of her left leg below the knee; psychological injury; past and future economic damages; past and future non-economic damages; past and future expenses for health care goods and services, the nature and extent of which is not presently known, and other damages, the nature and extent of which are not presently known.

112. Defendants' negligence is the sole and proximate cause of the injuries, damages and losses set forth above.

113. Defendants are liable to Plaintiff for all of the injuries, damages and losses set

forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for the following relief:

(a) A trial by jury on all issues in this case;

(b) That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

(c) That judgment be entered in favor of Plaintiff and against Defendants;

(d) That Plaintiff have and recover all damages for all losses compensable under Colorado law as set forth above;

(e) For Plaintiff to be awarded her special damages including past and future medical expenses in an amount to be shown by the evidence at trial;

(f) For Plaintiff to be awarded her general damages in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(g) For Plaintiff to be awarded both pre-judgement and post-judgement interest from the date of the subject occurrence/collision;

(h) That all attorneys' fees, expenses, and costs be cast against the Defendants;

(i) That service be had on the Defendants as provided by law;

(j) That all expenses of litigation, including expert witness fees, be cast against the Defendants; and

(k) For such other and further relief as the Court deems just and proper.

DATED: May 12, 2022

Respectfully submitted,

**COOK, BRADFORD & LEVY, LLC**

/s/ *Jason D. Levy*
Jason D. Levy, Esq. #48571
2590 Trailridge Drive East, #202
Lafayette, Colorado 80026
Telephone: 303-543-1000
Facsimile: 303-543-8582
E-mail:  Jason@colegalteam.com
*Attorney for Plaintiff*